FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 15 P 1: 59

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| IAN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-137 |
| | ) | |
| CARL CLOVIS BROWN, JR., Judge of | ) | |
| Superior Court in Richmond County, | ) | |
| Georgia, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate at Augusta State Medical Prison in Grovetown, Georgia, has submitted to the Court requesting a writ of mandamus to compel the Superior Court of Richmond County to hold a hearing concerning Petitioner's state habeas petition, which the court rejected as untimely. (Doc. no. 1, p. 1.) According to Petitioner, the Superior Court erred in dismissing his state habeas petition and in refusing to hold a hearing for two reasons. First, Petitioner alleges that the court failed to consider the doctrine of equitable tolling for mental illness under O.C.G.A. § 9-3-90. Second, Petitioner alleges that, although he filed his habeas petition in 2011 concerning a criminal trespass charge, the court considered the petition as if it had been filed concerning his earlier armed robbery and murder charges, and thus erroneously dismissed it as untimely.[1] (Doc. no. 1, pp. 1-2.) Petitioner additionally asserts that

---

[1] Petitioner was convicted of malice murder and armed robbery on May 11, 1995, for which he received two concurrent life sentences. See Johnson v. State, 266 Ga. 775, n.1

he is "entitled to redress under the First Amendment of the U.S. Constitution" and requests that a hearing be held within ten days of the filing of his petition. (Id. at 2.) Petitioner has also submitted a motion requesting to proceed *in forma pauperis* ("IFP") in the matter. (Doc. no. 2.)

The threshold issue raised by Petitioner's filing is whether the Court has jurisdiction to compel a state court to take the action that Petitioner requests. Accordingly, the Court is obligated to determine whether it has jurisdiction over this matter. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (*per curiam*) (citations omitted). Furthermore, Fed. R. Civ. P. 12(h)(3) directs, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . . The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . .
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

_____

(1996). Petitioner provides no details concerning the criminal trespass charge, but prison records reveal that he has been incarcerated since his 1995 convictions.

2

Here, in a petition for a writ of mandamus,[2] Petitioner requests that this federal court direct the Superior Court of Richmond County to reconsider his petition based on his allegations of error. However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, Dekalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973);[3] see also Mitchum v. Foster, 402 U.S. 225, 240 (1972) (noting that "the [f]ederal [g]overnment cannot serve a writ of mandamus upon [s]tate [e]xecutives or upon [s]tate courts to compel them to protect the rights, privileges and immunities of citizens . . . .") (quoting Rep. Lowe, Cong. Globe, 42d Cong., 1st Sess., 374-76 (1871)). Given that Petitioner seeks only mandamus relief in the instant petition, the Court finds that it does not have jurisdiction over this matter.

For the reason as explained above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's petition for a writ of mandamus be **DISMISSED** (doc. no. 1), that his motion to proceed IFP be deemed **MOOT** (doc. no. 2), and that this civil action be **CLOSED**.

SO ORDERED this 15th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court is aware that the writ of mandamus has been abolished; nevertheless, relief previously available through a writ of mandamus may still be "obtained by appropriate action." Fed. R. Civ. P. 81(b).

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.